Donald S. Burris (*Admitted Pro Hac Vice*)
BURRIS, SCHOENBERG & WALDEN, LLP
12121 Wilshire Boulevard, Suite 800
Los Angeles, CA 90025
Telephone: (310) 442-5559
Facsimile: (310) 442-0353
don@bslaw.net

Attorneys for Defendant JOSEPH MANFREDONIA

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH MANFREDONIA,<br><br>    Defendant. | Case No. 2:08-cr-00178-PMP (RJJ)<br>(The Honorable Philip M. Pro)<br><br>**DEFENDANT JOSEPH MANFREDONIA'S FINAL PRESENTENCING COURT SUBMISSION AND DECLARATIONS RE: REQUESTED SENTENCE**<br><br>Sentencing Hearing Date:<br>January 27, 2011<br>Time: 1:00 p.m.<br>Place: U.S. District Court in Newark, New Jersey<br><br>Date Filed: January 18, 2011 |

Defendant Joseph Manfredonia ("Defendant"), through counsel, Donald S. Burris, Esq., hereby submits this Final Presentencing Submission and attached Declaration for the benefit of the Court and the Senior United States Probation Officer Wendy B. Beckner and the Court.  It continues to be Defendant's position that the Presentencing Report, although prepared in good faith by an experienced probation officer, erroneously simply refers to the sentencing guidelines in adopting the prosecutor's position that Defendant should be sentenced to an in-

prison jail term, and in the process fails to fully identify Defendant's severe medical problems, overstates his youthful indiscretions and suggests that he caused an overly inflated the amount of damages arising from his actions. Furthermore, the draft Probation Report does not credit Defendant for the full eighteen (18) months he has spent under house arrest and the high level of his cooperation with the prosecutorial authorities during this arduous pre-sentencing process. Defendant is fully prepared to personally testify as to each of these points and other statements made in his attached Declarations, and is prepared to be ready to appear at the sentencing hearing in Newark, despite his ongoing severe medical problems.

With regard to the concept of "cooperation" Defendant will establish at the sentencing hearing, and would like the Probation Officer to know, that he cooperated at all levels of the pre-sentencing process, including testifying before the grand jury under difficult conditions. He was on a first name basis with the FBI agents, helped them with other cases and reviewed his testimony with representatives of the FBI and the U.S. Attorney's office for two hours prior to his grand jury testimony. The government also recommended a lawyer to represent him, but he chose to utilize the services of Michael Amador.

After his testimony to the grand jury there was no further contact with Defendant and he was them indicted in July of 2008. To the best of Defendant's knowledge, Mr. Amador at that time was cooperating with the U, S. Attorney and agreed that Defendant would testify and cooperate to the best of his ability in the face of his memory problems. This went on for almost a year and the government was preparing to come down with more indictments, including, among others, the appraiser and the escrow representatives. Despite the self-evident fact that these

frauds could not have occurred without the cooperative network set up by Defendant Wright, the statute of limitations ran with regard to any other individuals involved in the network, Manfredonia was so informed and to the amazement of everyone no one was indicted. The facts are that the government was considering bringing indictments against them with Manfredonia cooperation when the statute of limitations ran on the case. In the end, none of the individuals that allegedly were involved in this criminal network were indicted.

The draft Presentence Report is also inaccurate in failing to give Defendant credit for his having been subjected to eighteen (18) months of house arrest without any incidents, with his only movement to doctors and or hospitals. Finally, nowhere in the Report does it state that Manfredonia is permanently disabled and dependent on government assistance.  In fact, the prison system in apparent contradiction of a court order put him in a prison for forty-five (45) days instead of a hospital. This error caused him physical harm and he is scheduled for an operation on his shoulder. Finally, as he will advise the Court, the attempted "detox" by the prison authorities inconsistent with the court order jeopardizing his life and inflicting cruel and unjust punishment.

I have attached to this Final Submission as Exhibit "A" a true and correct copy of Mr. Manfredonia's prior Declaration filed by Defendant on December 3, 2010. I have also included as Exhibit "B" Defendant's current and supplemental Declaration which updates the Court and the Probation Officer as to his status and additional history. Defendant submits that it would be a fairer and more reasonable decision to sentence him to the least possible time on his guilty plea, but **to allow him to serve his sentence by means of a Medical Supervised Release which as we understand includes house arrest**. As Mr. Manfredonia

suggests in his current Declaration, and his doctors will attest, forcing him to serve out the sentence suggested by the prosecutors in a federal prison would endanger his health and in the worst of situations could become a death sentence.

            Respectfully submitted,

Dated:  January 19, 2011    BURRIS, SCHOENBERG & WALDEN LLP

            By:  /s/ Donald S. Burris
              Donald S. Burris
            Attorneys for Defendant Joseph Manfredonia